# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEROME DUNN, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 19−cv−321−SMY<br>) |
| VANDALIA CORRECTIONAL<br>CENTER,<br>IDOC,<br>J. GAPE,<br>S. WAGGONER, and<br>DENTIST, | )<br>)<br>)<br>)<br> |
| Defendants. | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jerome Dunn, a former inmate of the Illinois Department of Corrections ("IDOC") previously incarcerated at Vandalia Correctional Center ("Vandalia"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff claims that when he was housed at Vandalia, officials were deliberately indifferent to his serious medical condition (tooth decay and pain). In connection with his claims, Plaintiff names Vandalia Correctional Center, the Illinois Department of Corrections, J. Gape (Counselor, Vandalia Correctional Center), S. Waggoner (Warden, Vandalia Correctional Center), and Dentist (hereinafter, Jane Doe).[1]

## The Consolidated Complaint[2]

Plaintiff makes the following allegations in his Consolidated Complaint (Doc. 12): From

---

[1] To facilitate the orderly progress of this action going forward, the Clerk of the Court will be directed to rename the unknown Dentist as follows: Jane Doe (Dentist, Vandalia Correctional Center).

[2] Case No. 19-cv-330-SMY was recently consolidated with the instant action. (Doc. 11). The Consolidated Complaint includes the Complaint that was filed in this action and the Complaint that was filed in 19-cv-330-SMY. (*See* Doc. 12).

approximately July 2016 through July 2018, Plaintiff experienced persistent, acute pain because one or more of his teeth were badly decayed and required extraction. The pain was so severe Plaintiff could not eat and would "cry [himself] to sleep." Dental x-rays revealed several decaying teeth, including a decaying wisdom tooth. Plaintiff was prescribed "800 mg. pain pills" and was placed on a waiting list for further treatment. He remained on the waiting list for at least 7 1/2 months. As his parole date approached, officials told Plaintiff his condition was not an emergency and that he would need to seek treatment after being released from IDOC custody. During this time, Plaintiff submitted numerous grievances and written requests for dental treatment. He also complained to Waggoner and Jane Doe in person, and his wife contacted Waggoner on his behalf. Waggoner told Plaintiff to submit a grievance and said nothing could be done until he was released from confinement. Jane Doe put Plaintiff on the waiting list and told him that nothing else could be done because he was too close to being paroled.

Based on the allegations of the Consolidated Complaint, the Court designates a single Count.

> **Count 1**: Eighth Amendment claim against Defendants for deliberate indifference to a serious medical need regarding Plaintiff's dental care.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. This designation does not constitute an opinion regarding its merit. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.[3]

## **Discussion**

---

[3] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Eighth Amendment prohibits the wanton and unnecessary infliction of pain on incarcerated persons. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This can include the denial of necessary dental care. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). An inmate pursuing an Eighth Amendment claim must establish: (1) a serious medical condition (objective element); and (2) an official's deliberate indifference to that condition (subjective element). *Id*.

According to the Consolidated Complaint, Jane Doe persisted in a course of treatment that she knew was inadequate and/or ineffective, failed to adequately treat Plaintiff's pain, and/or delayed appropriate treatment for non-medical reasons. These allegations are sufficient to allow Count 1 to proceed as to Jane Doe. *See Brown v. Darnold,* 505 Fed. App'x. 584 (7th Cir. 2013); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012); *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir.2010); *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005). Count 1 may also proceed against Waggoner based on the allegation that she ignored Plaintiff's complaints about constitutionally inadequate medical care. *See Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015).

However, Count 1 will be dismissed without prejudice as to Counselor Gape, who is not referenced in the statement of claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Count 1 also cannot proceed against IDOC or Vandalia Correctional Center because neither entity may be sued under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66–67 (1989); *Toledo, Peoria & Wester R. Co. v. State of Ill. Dept. of Transp*., 744 F.2d 1296, 1298 (7th Cir. 1984). Accordingly, IDOC and Vandalia Correctional Center will be dismissed from the action with prejudice.

**Identification of Unknown Defendants**

Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of the unknown defendant. *See Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 832 (7th

Cir. 2009). Warden Waggoner shall respond to discovery aimed at identifying the unknown defendant. Guidelines for discovery will be set by the undersigned judge. Once the name of the unknown defendant is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designations in the case caption and throughout the Consolidated Complaint.

### Motion for Recruitment of Counsel

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 4 and Doc. 14), which is **DENIED**.[4] Plaintiff did not provide any information regarding his efforts to obtain counsel on his own, and, with respect to his ability to pursue this action *pro se*, Plaintiff merely indicates that he has some high school education. The minimal information provided by Plaintiff does not warrant the appointment of counsel at this time. Plaintiff's pleadings demonstrate an ability to relay information to the Court, and there is no indication that Plaintiff's level of education is preventing him from communicating with the Court. At this juncture, the Court is merely concerned with whether this action can get out of the gate, so to speak. No legal training or knowledge is required to do this. Therefore, the recruitment of counsel is not warranted at this time, and the motion is denied. The Court will remain open to the appointment of counsel in the future.

### Disposition

**IT IS HEREBY ORDERED** that the Motion for Recruitment of Counsel (Doc. 4 and Doc. 14) are **DENIED**.

The Clerk of the Court is **DIRECTED** to rename the unknown Dentist as follows: Jane Doe (Dentist, Vandalia Correctional Center).

**IT IS FURTHER ORDERED** that **COUNT 1** shall receive further review as to **S.**

---

[4] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

**Waggoner** and **Jane Doe**. **J. Gape** is **DISMISSED** from the Complaint without prejudice for failure to state a claim for relief. **Vandalia Correctional Center** and the **Illinois Department of Corrections** are **DISMISSED** from the action with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). The Clerk of the Court is **DIRECTED** to terminate **J. Gape, Vandalia Correctional Center**, and the **Illinois Department of Corrections** from the docket.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **S. Waggoner**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Consolidated Complaint, and this Merit Review Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on **Jane Doe** until Plaintiff has identified her by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

Consolidated Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: February 6, 2020

s/ STACI M. YANDLE
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, Defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is

advised to wait until counsel has appeared for Defendants before filing any motions, to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**